**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| PAUL ARDAJI, SR., | : | |
| | : | Case No. 06-50464 |
| Debtor. | : | |

_____

| | | |
|---|---|---|
| PAUL ARDAJI, SR., | : | |
| | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| FORRESTER CONSTRUCTION, CO., | : | |
| | : | |
| Respondent. | : | |

_____

APPEARANCES:

Scott D. Rosen, Esq.                              Attorney for Movant
Cohn, Birnbaum & Shea, PC
100 Pearl Street, 12th Floor
Hartford, CT 06103

Mary J. Dowd, Esq.                                Attorney for Respondent
Arent Fox, PLLC
1050 Connecticut Avenue, N.W.
Washington, DC 20036

John A. Farnsworth, Esq.                          Attorney for Respondent
Withers Bergman, LLP
157 Church Street, 19th Floor
New Haven, CT 06510

Julie A. Manning, Esq.                            Attorney for Ramze Zakka,
Shipman & Goodwin, LLP                            Incorporated
One Constitution Plaza
Hartford, CT 06103-1919

_____

**MEMORANDUM AND ORDER ON CASH COLLATERAL**

Alan H. W. Shiff, United States Bankruptcy Judge

The debtor's October 30, 2006 motion seeks a determination that a cash dividend from his interest in Ramze Zakka, Incorporated was not the cash collateral[1] of Forrester Construction, but if it was, he seeks authority to use it upon providing adequate protection to Forrester. *Cf*. § 363(e).

**BACKGROUND**

Prior to the commencement of this case, Forrester brought an action in the Circuit Court for Montgomery County, Maryland against the debtor, Ardaji Restaurant Ventures (a holding company formed by the debtor) ( "ARV"), and others, for breach of a construction contract between ARV and Forrester. On February 2, 2006, a judgement by confession entered in favor of Forrester and against all defendants in the aggregate amount of $3,647,415.16. *Stipulated Facts* at ¶ 1. On February 10, 2006, Forrester applied for a prejudgement remedy in the Connecticut Superior Court at Bridgeport in anticipation of the commencement of an action against the debtor to enforce the Maryland judgment. *Id.* at ¶2. On February 13, 2006, a Fairfield County state marshal served the debtor with a Notice of Application for Prejudgment Remedy, the Application for Prejudgment Remedy and a copy of the February 10, 2006 Order For Hearing and Notice, which ordered that a hearing on Forrester's application be held on March 6, 2006. *Id.* at Exh. 3. At the March 6, 2006 hearing, the Connecticut court granted Forrester's application. *Id.* at ¶ 4. The debtor did not appear at that hearing. *Id.* at ¶ 3. The Connecticut court's order contained the following relevant provisions:

---

[1] Section 363(c)(2) provides that:

The [debtor in possession] may not use . . . cash collateral . . . unless–
   . . .
      (B) the court, after notice and a hearing, authorizes such use . . .
11 U.S.C. § 363(c)(2)(B).

> It is hereby ORDERED that the attorneys for [ Forrester ] may cause to be issued an attachment to the following property of the [ the debtor and others ] to secure the sum of $3,647,415.16 dollars:
> (a) All existing or hereafter arising or acquired: . . . (6) distributions to the [debtor] PAUL ARDAJI, SR . . . in the form of . . . dividends or any other payments, by ARV
> . . .
> (e) All stock certificates owned by the [debtor] in any corporation;
> . . .
> (i) Such additional assets of [the debtor] sufficient to satisfy the prejudgment remedy ordered . . .
> *Id.* at Exh. 4.

On March 7, 2006, the Connecticut Superior Court issued a Summons and Writ of Attachment. *Id.* at Exh. 6. On April 15, 2006, the debtor filed a Motion to Discharge the Attachment in the Connecticut court. *Id.* at ¶ 7. Forrester objected. *Id.* On May 22, 2006, Forrester's objection was sustained. *See id.* at ¶ 7. On July 12, 2006, the debtor filed a second Motion to Discharge Attachment, and Forrester again objected. *Id.* at ¶ 8. On August 8, 2006, the Connecticut court considered Forrester's objection, which was sustained on August 28, 2006. *Id.* at ¶ 9. On August 14, 2006, in anticipation of that ruling, the debtor filed a Motion to Reargue Defendants' Motion to Discharge Attachment. *Id.* at ¶ 10. Forrester objected. *Id.* On September 8, 2006, the debtor's motion was denied. *Id.* On October 27, 2006, the debtor commenced this chapter 11 case.

The controversy here is whether the order of the Connecticut court, which authorized an attachment on all assets of the debtor sufficient to satisfy the prejudgment remedy, is entitled to preclusive effect, so that the debtor may not challenge in this court Forrester's security interest in the cash dividend.

## DISCUSSION

### *Full Faith and Credit*

The ". . . [a]cts, records and judicial proceedings [of state courts] . . . shall have the same full faith and credit in every court within the United States . . . as they have . . . in the

courts of such [s]tate . . . from which they are taken". 28 U.S.C. § 1738. As this court has observed, "[b]ankruptcy courts . . . are bound by determinations made in a state court judgement unless the judgement was procured by fraud or the state court lacked jurisdiction". *In re Edwards*, 172 B.R. 505, 522 (Bankr. D. Conn. 1994); *Cf. New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738; *Allen v. McCurry*, 449 U.S. 90, 95-96) (". . . the preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . "). The Connecticut court's jurisdiction was unchallenged, and the debtor does not contend that the judgment was procured by fraud. Thus, the issue turns on whether Connecticut law precludes the debtor from challenging the validity of the attachment.

### *Res Judicata*

Under Connecticut law:

> The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and *of facts* or *issues thereby litigated* as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction . . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made . . . . Res judicata, as a judicial doctrine . . . should be applied as necessary to promote its underlying purposes. These purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) *to prevent inconsistent judgments which undermine the integrity of the judicial system*; and (3) to provide repose . . .
> *Efthimiou v. Smith*, 268 Conn. 499, 506 (2004) (emphasis in original, internal quotation marks and citations omitted).

The action considered on March 6, 2006 by the Connecticut court involved Forrester's application for a prejudgment remedy, i.e., an attachment of the debtor's property, including the subject cash dividend. The order entered on that date ("March 6 Order") authorized Forrester's attachment on, *inter alia*, "distributions to the . . . [debtor] in the form of . . . dividends". *Stipulated Facts* at Exh. 4. Cash collateral is defined in the

bankruptcy code as "cash . . . securities . . . or other cash equivalents . . . in which the estate and an entity other than the estate have an interest . . . whether existing before or after the commencement of a [chapter 11] case . . . ". 11 U.S.C. § 363(a). It is therefore concluded that the claim raised by the debtor in this court is the same as the action considered by the Connecticut court on March 6, 2006.

The following day that court issued a Summons and Writ of Attachment. *See id.* at Exh. 6. Although, as noted, the debtor did not appear at the March 6, 2006 hearing, on April 15 and July 12, 2006, respectively, he moved and failed, to have the court ordered attachment discharged. *Id.* at ¶¶ 7-9. On August 14, 2006, the debtor unsuccessfully moved for permission to reargue. *Id.* at ¶ 10. Thus, the March 6 Order is an "existing final judgment". *See Efthimiou, supra*, at 506.

The debtor argues that "at no time did [he] make or litigate a challenge to the validity of the specific attachment in the Connecticut court[2] . . . ". *Debtor's Statement of Facts on Which the Parties were Unable to Stipulate* at ¶ 6. That argument is unavailing since " . . . [t]he appropriate inquiry with respect to [claim] preclusion is whether the party had an *adequate opportunity to litigate the matter in the earlier proceeding* . . . ". *Connecticut Nat'l Bank v. Rytman,* 241 Conn. 24, 43-44, 694 A.2d 1246 (1997) (emphasis in original, internal quotation marks and citations omitted). Therefore, even if the debtor did not actually litigate the validity of attachment at the March 6, 2006 hearing, it is well established that res judicata "does not require actual litigation". *Resolution Trust Corp. v. Roberti (In re Roberti)*, 183 B.R. 991, 1000 (Bankr. D. Conn. 1995) (". . . res judicata . . . does not require actual

---

[2] The record does not support that argument. At the Connecticut court's August 8, 2006 hearing on Forrester's objection to the debtor's second motion to discharge the attachment, the following pertinent exchanges occurred:

> Debtor's former Attorney: The story, Your Honor, is the [debtor] filed the motion to discharge the attachment. What's being attached, Your Honor, are distributions from . . . Ramze Zakka . . . We're trying to dissolve that attachment . . .

> The Court: I am just at a loss as to why you should get [another] shot at this. *Stipulated Facts* at Exh. 9, pp. 2-3, 4, 7, 16.

5

litigation . . .") (citing *Crispino v. Chemical Bank New Jersey (In re Crispino)*, 160 Bankr. 749, 755 (Bankr. D.N.J. 1993)).

## CONCLUSION

For the foregoing reasons, Forrester's objection is sustained, i.e., the subject cash dividend is Forrester's cash collateral and the debtor is precluded from challenging its validity. An evidentiary hearing shall be scheduled on the debtor's motion for authority to use such cash collateral upon the proffer of adequate protection, *see* § 363(e), and
IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 26th day of April 2007.

Alan H. W. Shiff
United States Bankruptcy Judge