UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| In re | : | CHAPTER 11 |
|---|---|---|
| PAUL ARDAJI SR., | : | CASE NO. 06-50464 (AHWS) |
| Debtor. | : | NOVEMBER 9, 2007 |

## OBJECTION TO MOTION TO DISMISS

Ramze Zakka, Inc. ("RZI"), hereby objects to the Debtor's Motion to Dismiss dated October 17, 2007 (the "Motion to Dismiss"), and states as follows:

1. On or about October 3, 2007, RZI commenced an adversary proceeding against the Debtor seeking, among other things, a Temporary Restraining Order to restrain the Debtor from interfering with the business operations of RZI.

2. On October 9, 2007, this Court conducted a day long evidentiary hearing in connection with RZI's request for a Temporary Restraining Order (the "October 9th Hearing"). Several witnesses testified during the hearing, including the Debtor.

3. At the conclusion of the October 9th Hearing, this Court entered a Temporary Restraining Order against the Debtor which remains in place today.

4. The Debtor has not responded to the allegations in the adversary proceeding yet argues in the Motion to Dismiss that the adversary proceeding should be dismissed, and that such dismissal will have minimal impact on the creditors of the Debtor's estate.

5. RZI asserts that a dismissal of the case and the adversary proceeding will have a more than a minimal impact on RZI, it will have a negative impact on the daily business operations of RZI.

6. RZI needs to have the dispute that is the subject of the adversary proceeding resolved. This Court is extremely familiar with facts surrounding the dispute, as well as the Debtor's actions during this Chapter 11 proceeding. To dismiss the Debtor's case and the adversary proceeding before a trial on the merits is extremely prejudicial to RZI.

7. Furthermore, a dismissal of the adversary proceeding will result in a dismissal of the Temporary Restraining Order, which will leave RZI with no adequate remedy at law.

8. Finally, although the dispute with Forrester described by the Debtor in the Motion to Dismiss has been resolved, the terms of the settlement have not yet been consummated. One of the most important provisions of the settlement concerns the ownership of 150 shares of stock of RZI, an issue which obviously impacts RZI. The Debtor's case should not be dismissed unless and until the settlement is fully consummated and/or the ownership of the shares is fully resolved.

WHEREFORE, for the reasons set forth herein and for those that may be

advanced at the hearing on the Motion to Dismiss, RZI respectfully requests that this Court deny the Motion to Dismiss.

                              RAMZE ZAKKA, INC.

                              By: /s/ Julie A. Manning
                                  Julie A. Manning (ct03255)
                                  Shipman & Goodwin LLP
                                  One Constitution Plaza
                                  Hartford, CT  06103-1919
                                  (860) 251-5000
                                  Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November 2007, a copy of the foregoing Objection to Motion to Dismiss was served electronically to:

Scott D. Rosen, Esq.
Cohn Birnbaum & Shea, P.C.
100 Pearl Street
Hartford, CT 06103

Mary Joanne Dowd, Esq.
Jeffrey Rothleder, Esq.
Arent Fox PLLC
1050 Connecticut Ave., N.W.
Washington, D.C. 20036-5339

and via first class mail, postage prepaid to:

The Office of the United States Trustee
265 Church Street, Suite 1103
New Haven, CT 06510

/s/ Julie A. Manning
Julie A. Manning

489401 v.01