**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

_____

IN RE:                                                           CHAPTER 11

PAUL ARDAJI, SR.                                      CASE NO. 06-50464

        Debtor

_____

**ORDER DISMISSING VOLUNTARY PETITION**

      The Motion of the Debtor and Debtor in Possession to dismiss the voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code having been filed on October 17, 2007, and due and sufficient notice of such Motion having been given to all creditors and parties in interest, a hearing having been held on December 18, 2007, and an objection to the Motion having been filed by Ramze Zakka, Inc. ("RZI"), a party in interest, on November 9, 2007 (the "RZI Objection"), and an objection to the Motion having been filed by Lena Ardaji, a creditor, on November 9, 2007, and the Debtor and RZI have agreed to settle the RZI Objection on the terms set forth in this Order, and Lena Ardaji's objection having been withdrawn or overruled, and the Office of the U.S. Trustee having filed an objection to the Motion, and such objection having been withdrawn or overruled, and no other creditors or parties in interest have objected to the Motion, the Court finds that it is in the interest of the Debtor and his creditors to dismiss this Chapter 11 case on the terms herein. Now, therefore, it is hereby ORDERED:

1.      That the Order for Relief resulting from the filing of the voluntary petition on October 27, 2006, is hereby set aside and vacated, and the voluntary petition filed herein on October 27, 2006, and the Chapter 11 proceedings commenced thereby are hereby dismissed.

2.      With the exception of adversary proceeding number 07-05038 brought by RZI against the Debtor (the "RZI Adversary Proceeding"), all other adversary proceedings and contested matters pending as of the date of this Order are hereby dismissed.

3.      This dismissal shall not act to vacate any order and judgment and actions taken in compliance thereof with respect to contested matters and adversary proceedings by and between the Debtor and Forrester Construction Company, Inc. including, without limitation, the Memorandum of Decision dated April 26, 2007, the Order Approving Settlement dated October 12, 2007, and all orders entered with respect to the Debtor's use of cash collateral.

4.      This Court shall retain jurisdiction over the RZI Adversary Proceeding, but abstain from any further proceedings under 28 U.S.C. Section 1334(c)(2), due to the pre-petition action entitled <u>Ramze Zakka, Inc. v. Ardaji</u>, Docket No. FST-CV-06-4009513-S, pending before the Connecticut Superior Court (the "Superior Court") in the judicial district of Stamford/Norwalk at Stamford (the "State Court Proceeding"), pending: (i) RZI's amendment of its complaint to add the causes of action set forth in its complaint in the RZI Adversary Proceeding; and (ii) the entry of a final non-appealable ruling of the Superior Court in connection with the continuation of the injunctive relief set forth in the Temporary Restraining Order entered

by this Court in the RZI Adversary Proceeding on October 10, 2007 (the "TRO").

5.  To the extent that the automatic stay under Section 362 of the Bankruptcy Code may be asserted to stay the State Court Proceeding, the Debtor and RZI agree that the automatic stay shall be lifted to allow RZI to amend its complaint in the State Court Proceeding, to file a motion with the Superior Court seeking to continue the injunctive relief in the TRO, to fully prosecute its case in the State Court Proceeding, and to enforce against the Debtor any judgment that may be rendered by the Superior Court in the State Court Proceeding, which may include injunctive and/or monetary relief.

6.  The TRO shall remain in full force and effect, provided that on or before January 31, 2008, RZI files in the Superior Court Proceeding (or commences a new proceeding in Superior Court, at RZI's election) such motion for continuation of the TRO; if RZI does not file such motion, then the TRO shall expire at 5:00 p.m. on January 31, 2008. If RZI timely files such request, then the TRO shall remain in full force and effect until the Superior Court enters an final, non-appealable order denying or granting RZI's motion seeking to continue the injunctive relief set forth in the TRO.

7.  The effective date of the dismissal of the petition and the vacating of the order for relief, as provided in paragraph 1 above shall be the earlier of: (a) January 1, 2008, and (b) the date on which the Debtor closes the financing transaction with Dr. S. Stein and the pays $525,000 to Forrester Construction Co. pursuant to the Order

Approving Settlement dated October 12, 2007. All other relief granted by this Order shall be effective upon entry of this Order.

Dated: December 19, 2007 (effective December 18, 2007).

/s/ Alan H. W. Shiff
**Alan H. W. Shiff**
**United States Bankruptcy Judge**

4